UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REGINALD HAYES,

                       Petitioner,

vs.                           Case No.  2:10-cv-493-FtM-29SPC

WARDEN TIFFT and FLORIDA ATTORNEY
GENERAL,

                       Respondents.

_____

**OPINION AND ORDER**

**I. Status**

Petitioner Reginald Hayes ("Petitioner" or "Hayes"), proceeding *pro se*, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1, "Petition") on August 05, 2010.[1] Pursuant to the Court's Order to respond and show cause why the Petition should not be granted,

---

[1] The Petition (Doc. #1) was filed in this Court on August 12, 2010, but the Court deems a petition "filed" by an inmate when it is delivered to prison authorities for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). Absent evidence to the contrary, the date of filing is assumed to be the date the inmate signed the document. Id. If applicable, the Court also gives a petitioner the benefit of the state's mailbox rule with respect to his state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d). Under Florida's inmate "mailbox rule," Florida courts "will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if . . . the pleading would be timely filed if it had been received and file-stamped by the Court on that particular date." Thompson v. State, 761 So. 2d 324, 326 (Fla. 2000).

Respondent filed a response on December 06, 2010 (Doc. #5, "Response"), seeking dismissal of the Petition on the grounds that the Petition is time barred pursuant to 28 U.S.C. § 2244(d)(1).[2]

---

[2]On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter AEDPA). This law amended 28 U.S.C. § 2244 by adding the following new subsection:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Response at 1.[3]  Petitioner filed a reply to the Response on February 8, 2011 (Doc #14, Reply), claiming that he was entitled to equitable tolling due to his physical and psychological illnesses. After being directed by the Court (Doc. #22), Respondent filed a Surreply on May 21, 2012, (Doc. #25, Surreply), with exhibits in support thereof (Exhs. 16-18).  In particular, Respondent submitted Hayes' medical records under seal (Exh. 16-1 through 16-5), classification printouts of Hayes' movements (Exh. 17), and copies of grievances and/or requests submitted by Hayes while incarcerated (Exh. 18-1 through 18-30).  Without obtaining leave of court, Petitioner filed a Reply to the Surreply on August 6, 2012 (Doc.

---

[3]Respondent also moves to substitute the Secretary of the Florida Department of Corrections for Warden Tifft, and dismiss the Florida Attorney General as named respondent to the Petition. Response at 1.  Rule 2(a) of the Rules Governing Section 2254 Cases in the United District Courts provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent."  The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition," and this is "'the person' with the ability to produce the prisoner's body before the habeas court." Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004).  When a petitioner is incarcerated and challenges his present physical confinement "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." Id. at 435 (citations omitted).  Alternatively, the chief officer in charge of the state penal institution is also recognized also the proper named respondent.  Rule 2(a), Sanders v. Bennett, 148 F.2d 19 (D.C. Cir. 1945).  In Florida, this is the Secretary of the Florida Department of Corrections.  The Court will grant the substitution of the Secretary for Warden Tifft and dismiss the Florida Attorney General.

#32, "Reply to Surreply"), with attached exhibits.[4]  As more fully set forth herein, the Court finds the Petition is untimely and Petitioner has failed to demonstrate that he is entitled to equitable tolling.

## II.  Procedural History & AEDPA Time Bar

Hayes challenges his conviction for aggravated battery entered by the Twentieth Circuit Court, Lee County, Florida for which he was sentenced to 30 years imprisonment.  See generally Petition. On April 27, 2007, the state district court affirmed Hayes' conviction and sentence.  Hayes v. State, 955 So. 2d 574 (Fla. App. Dist. 2007).  Consequently, Hayes' state conviction became final on **July 26, 2007,** upon expiration of the time for seeking certiorari review.  See 28 U.S.C. § 2244(d)(1)(A) and Rule of the Supreme Court of the United States, Rule 13.3 (ninety days after entry of the judgment or order sought to be reviewed).[5]  Because Petitioner's conviction was final after the April 24, 1996, effective date of the AEDPA, Petitioner's one-year time period for filing a federal habeas challenging his conviction expired on **July**

---

[4]In light of Petitioner's pro se status, the Court will consider Petitioner's improperly filed pleading.

[5] A conviction is deemed final upon "the conclusion of direct review or the expiration of the time for seeking such review."  20 U.S.C. § 2244(d)(1)(A).  For purposes of direct review, United States Supreme Court Rule 13.3 states, in pertinent part, that "[t]he time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate[.]"

**26, 2008.**[6]   Accordingly, the Petition filed in this Court, on August 5, 2010, is untimely, unless Petitioner availed himself of one of the statutory provisions which extends or tolls the statutory time period.

Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the time that "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."   Here, **294 days** of the federal limitations period elapsed before Petitioner filed a *pro se* motion pursuant to Florida Rule of Criminal Procedure 3.850 **on May 16, 2008.**   The Rule 3.850 motion was pending until issuance of the mandate in the post-conviction appeal on **August 4, 2009.**   Upon issuance of the mandate, Hayes had **71 days** remaining of his federal limitations period.   Hayes permitted another **365 days** to elapse before he filed the instant Petition.   Consequently, the Petition was filed 294 days after the federal limitations period expired. The parties do not dispute that the Petition was filed in excess of this one-year limitation period.   Response at 5; Reply at 3.   Thus, unless Hayes can demonstrate that he is entitled to equitable tolling, the Petition is time-barred.

---

[6]Applying "anniversary date of the triggering event."   <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008).

### III.   Equitable Tolling Law & Analysis

The Supreme Court has determined that AEDPA's one-year statutory limitations period set forth in "§ 2244(d) is subject to equitable tolling in appropriate cases." Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). In order to avail himself of equitable tolling, a petitioner must demonstrate both: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Id. at 2562 (internal quotations and citations omitted). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not maximum feasible diligence." Id. at 2565. Further, to demonstrate the "extraordinary circumstance" prong, a petitioner "must show a causal connection between the alleged extraordinary circumstances and the late filing of the petition." San Martin v. McNeil, 633 F.3d. 1257, 1267 (11th Cir. 2011). The burden of establishing equitable tolling rests with the petitioner. Drew v. Dep't of Corr., 297 F.3d 1278, 1286 (11th Cir. 2002).

Hayes contends that his psychological and physical illnesses, prevented him from timely filing his Petition. See generally Reply. More specifically, Hayes claims that: (1) he suffers from Sickle Cell Anemia, which necessitated numerous hospitalizations; (2) he is bi-polar and he suffers from post-traumatic stress syndrome; and, (3) he had limited access to his legal documents. Id. at 3. Hayes argues that these circumstances are so

"extraordinary" that the court must apply the equitable tolling doctrine. Id.

Petitioner points to his hospitalizations for blood transfusions due to Sickle Cell Anemia "around the end of June 2006 until July 07, 2006" and again in November 2006, as evidence of impediments that prevented his timely filing. Id. at 1. These events, however, precede the date on when Petitioner's trial-based judgment became final (July 26, 2007). Consequently, because these events occurred before the federal limitations period began to run, equitable tolling does not apply.

Hayes also claims his hospitalization in July 2008, and his placement in a Transitional Care Unit from July 29, 2008 through December 09, 2008, contributed to the late filing. Reply to Surreply at 3. Additionally, Petitioner points out that he was transferred to Lake Butler during March and April 2009 for blood transfusions. Id. However, Petitioner's Rule 3.850 motion was pending from May 16, 2008 to August 4, 2009. Consequently, the federal limitations was already tolled during these time periods and Petitioner cannot acquire further tolling for any of this time.

Instead, the relevant time periods during which Petitioner must demonstrate an impediment in order to avail himself of equitable tolling are:

> **from July 27, 2007,** when his conviction became final triggering the AEDPA clock, **through May 16, 2008,** when he filed his Rule 3.850 motion; and

**from August 5, 2009**, when mandate issued on his Rule 3.850 restarting the AEDPA clock, through **October 14, 2009**, when AEDPA time period expired.

During this relevant time period, Hayes generally claims he was transferred to South Florida Reception "for [a] psychological evaluation [in] August or around September 2007." Reply at 2. At some point, he returned to Martin Correctional Facility. <u>Id.</u> He was hospitalized at Larkens Hospital for "Sickle Cell related problems" in October 2007, and again, "to save his life" in March 2008. <u>Id.</u> Eventually, Petitioner was transferred to Florida State Prison. Petitioner avers that during each of these movements "his property was not in his possession." <u>Id.</u>

Respondent submits that Hayes' claims of psychological and/or physical illnesses are suspect. Respondent points to a February 14, 2011, medical report that summarizes Plaintiff's "Mental Health History" while in the Department of Corrections, which states:

> Numerous mental health emergencies, generally to avoid confinement or after conflicts with security that resulted in DRs. Numerous IMR/SHOS[7] admissions in 7/06; 11/06; 6/07; 9/07; 10/07; 7/08; One SHOS/IMR admission resulting in CSU at UCI in 5/2009. He was then

---

[7]According to Respondent, "Abbreviations 'IMR' and 'SHOS' are interpreted as referring to an isolation management room and self-harm observation status. An IMR is a cell in an infirmary mental health care unit, transitional care unit, crisis stabilization unit, or a corrections mental health treatment facility that has been certified as being suitable for housing those with acute mental impairment or those who are at risk for self-injury. <u>See</u> 33 FL ADC 33-404.103(9)33-404.103 Mental Health Services – Definitions." Surreply at 2, n.2.

transferred to TCU here at SARCI Annex.[8]   However,
shortly after his arrival he began requesting discharge
as he reported no mental illness, but rather conflicts
with security at UCI.  Last CSU/TCU was 4/9/10-7/12/10.
Last IMR admission was at RMC 1/15/11.  Inmate has a
pattern of declaring psych. emergencies and making
suicidal threats or gestures which are manifested as "I
want out of this camp"; I want a transfer".  Inmate has a
myriad of past diagnoses that range from Adjustment D/O
[Disorder] Unspecified, Major Depressive D/O; Psychotic
D/O; Schizophrenia Paranoid type; hx of R/O [Rule-Out]
malingering, R/O Brief Reactive Psychosis, and R/O
Schizophrenia.

Exh. 16-1.  The clinician reached an "assessment" based upon an
analysis of the "subjective" and "objective data" that Petitioner
"has a long history and pattern of making suicidal threats or
gestures to effect an environmental change."  Id.

The Department's records reflect the following events relating
to Petitioner's alleged physical or psychological illnesses during
the relevant time period:

September 24, 2007- October 01, 2007 (7 days), Petitioner
was at South Florida Reception for observation and
admission to a crisis stabilization unit;

October 31, 2007-November 01, 2007 (2 days), Petitioner
taken to outside hospital;

April 01, 2008 - (1 day), Petitioner treated at outside
hospital;

---

[8]Respondent clarifies that "'SARCI' stands for Santa Rosa
Correctional Institution.  Undersigned interprets 'CSU/TCU' as
referring to a crisis stabilization unit or transitional care unit.
See FL ADC 33-404.103(4) Mental Health Services – Definitions ('In-
patient settings include infirmary mental health services,
transitional care units, crisis stabilization units, and
corrections mental health treatment facilities')."  Surreply at 2,
n. 3.

April 04, 2008 - (1 day), Petitioner taken to isolation
room at Reception Medical Center.

Surreply at 3.  The remainder of Petitioner's movements within the
Department of Corrections relate to Petitioner's institutional
transfers or placement in disciplinary or administrative
confinement.  Id. at 3-4.

"A petitioner must allege more than the mere existence of
physical or mental ailments to justify equitable tolling.  A
petitioner has the burden to show that these health problems
rendered him unable to pursue his legal rights during the one year
time period." Holveck v. Moore, No, 6:02-cv-1562-Orl-19JGG, 2005
W.L. 3087862 * 4 (M.D. Fla. Nov. 16, 2005)(internal quotations and
citations omitted).  Physical or mental incapacity only tolls the
statute of limitations if it actually prevents the sufferer from
pursuing his legal rights during the limitations period.  Lamont v.
Sec'y, Dep't of Corr., No. 5:11-cv-695-Oc-30TBS, 2012 WL 2527445 *2
(M.D. Fla. June 29, 2012).  A petitioner must establish a causal
connection between the mental or physical illness and the failure
to file a timely application, absent which, equitable tolling is
not justified.  See Lawrence v. Florida, 421 F.3d 1221, 1226-27
(11th Cir. 2005); Fox v. McNeil, 373 F. App'x 32, 34 (11th Cir.
2010).

Here, Hayes offers no evidence that he suffered from a mental
condition that rendered him incompetent.  Nor does Petitioner

-10-

produce any evidence that he was so debilitated by his physical illness, Sickle Cell Anemia, that he was physically unable to file a habeas corpus petition in a timely manner.   The Court takes judicial notice of its own records that reveal that Petitioner was actively litigating a civil rights action pursuant to 42 U.S.C. § 1983 at case number 2:06-cv-101-FtM-29DNF through December 26, 2007, when he filed a *pro se* notice of appeal.   Moreover, Petitioner was capable of pursuing numerous grievances to challenge various disciplinary infractions from October 11, 2007 through August 31, 2010.   <u>See</u> <u>generally</u> Exhs. 18-1 through 18-26.   Even assuming *arguendo* that Hayes' mental and physical conditions during the relevant time periods precluded him from pursuing post conviction relief, the record reflects that, at most, Hayes would be entitled to no more than 11 days of equitable tolling, leaving 263 days of untolled time remaining.   Consequently, Petitioner has not demonstrated that either the degree or duration of his alleged physical or psychological illnesses constitute extraordinary circumstances.

Hayes also fails to provide any proof that he diligently pursued his rights during the one-year limitations period.   Hayes fails to explain how his placements in disciplinary confinement or his transfers interfered with his ability to file a petition. Hayes has not shown that he made any attempts to retrieve his legal documents or that he was denied access to his legal documents.   At

most, Petitioner makes a passing reference that his property was
not in his possession during his transfers and movements.  The only
requests for property made by Hayes are dated August 29, 2010 and
September 26, 2010, neither date within the relevant time period.
See Exhs. 18-28, 18-29, and 18-30.  Furthermore, these requests
were made for "hygiene products, pictures, etc . . ." without any
mention that Petitioner required his legal documents.  Id.
Similarly, although Petitioner filed a grievance claiming he was
being denied access to court on August 26, 2010, the grievance
concerned Petitioner's request to process his financial documents
for his federal habeas action.  Notably, at the time Petitioner
filed this grievance, his Petition and Affidavit of Indigency had
already been filed (Doc. ##1-2).  Indeed, the Court had not yet
ruled on his request to proceed in forma pauperis at the time he
paid the $5.00 filing fee.  See docket entry dated September 20,
2012.  Nonetheless, institutional transfers, periods of confinement
under more restrictive conditions than general population, and lack
of ready access to legal paperwork and law libraries are not
"constitutional impediments" unless Petitioner can show that these
restrictions were not "'reasonably related to legitimate
penological interests.'" Akins v. U.S., 204 F.3d 1086, 1090 (11th
Cir. 2000)(quoting Lewis v. Casey, 518 U.S. 343, 361 (1996)); see
also Dodd v. U.S., 365 F.3d 1273, 1282-83 (11th Cir. 2004)(stating
"lockdowns and periods in which a prisoner is separated from his

-12-

legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate.").

Based upon the foregoing, the Court finds the Petition is time-barred and finds Petitioner has failed to establish either 'extraordinary circumstances' or diligence. Consequently, because the Court finds Petitioner is not entitled to equitable tolling, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

Therefore, it is now

**ORDERED and ADJUDGED:**

1.    The Secretary of the Florida Department of Corrections is substituted for Warden Tifft, and the Florida Attorney General is dismissed as a named respondent to the Petition.

2.    The Petition (Doc. #1) is **DISMISSED** with prejudice as untimely.

3.    The Clerk of the Court shall enter judgment dismissing this case with prejudice, terminate any pending motions and deadlines, and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); <u>Harbison v.</u>

Bell, 556 U.S. 180, 183 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this  22nd  day of October, 2012.


JOHN E. STEELE
United States District Judge


SA: hmk
Copies: All Parties of Record